Desmond, J.
(dissenting). I dissent and vote to affirm, for these reasons:
(1) The reference to an “ acre ” in the 1919 deed (Sarah J. Coon to Clarence E. Coon) did not and could not constitute a present conveyance of any land but was a grant to Dr. Coon of a right to select an acre.
(.2) This right of selection was by the terms of the grant personal to grantee Dr. Coon alone, to be exercised if his necessities so required.
(3) Even aside from failure to establish necessity, such a right of selection could not be exercised merely by passing and *639 recording a deed to some third person. There is no evidence here of any other attempted exercise of the right.
The 1919 deed’s reference to an acre was not a present conveyance of any particular parcel of land since it did not purport to locate the acre in any definite way. It did grant to Dr. Coon the right to select an acre. The obvious reason for that conferral was the possibility that the doctor might be evicted from the State-owned land he was occupying. Accordingly, he was by the conveyance given a right to select an acre or such lesser amount as he might “ require for a cottage lot and garden adjoining the premises now used and occupied by him upon the point extending into the lake ”. The plain meaning of that language was that when necessity (that is, eviction) should occur, the grantee might select not more than an acre, as a site for a new cottage and garden, adjoining the State lands which he had been occupying. The event of eviction never occurred but, four years after the Coon-Coon deed, grantee Dr. Coon, without any other act of selection, purported to convey to a purchaser an attenuated “ acre ” of land extending for several hundred feet along the blue line. The only New York cases anywhere near in point are Jackson v. Livingston (7 Wend. 136, 139) and Corbin v. Jackson (14 Wend. 619, 621) both dealing with the same eighteenth century deed which granted in fee a tract of 600 acres to be surveyed or taken off a much larger tract. Other documents in those early cases conclusively showed that it was the intention that the grantees should become tenants in common of the whole larger tract with the right to select their 600 acres and that they in agreement with their grantors formally chose their 600 acres and then occupied, enclosed and cultivated them. In our ease there not only was never any agreement between Dr. Coon and the owners of the rest of the farm as to where his acre should be located, but he never even notified those interested parties of his selection but instead attempted to make a deed to a third party (plaintiffs’ predecessor) of an arbitrarily bounded u acre ” plot. Dr. Coon’s grantees never enclosed the acre or cultivated it or built upon it. Furthermore, the dimensions of the acre plot conveyed by Dr. Coon are certainly not a reasonable selection of an acre since they describe a very narrow strip extending several hundred feet along the lake front.
*640 Insofar as any of the above involves questions of fact, those have been decided against plaintiffs by the courts below. The findings of fact below are that there never was a selection.
The judgment should be affirmed, with costs.
Conway, Ch. J., Fuld, Van Voobhis and Burke, JJ., concur with Dye, J.; Desmond, J., dissents in an opinion in which Froessel, J., concurs.
Judgment of the Appellate Division reversed, with costs in all courts, and the case remitted to Trial Term for further proceedings not inconsistent with the opinion herein.